CV 16          01941

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

ALFRED EVANS,

                              Plaintiff,

           -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
"JOHN" MCGUINESS, first name being unknown to
Plaintiff, POLICE OFFICER JOHN DOE 1 and
POLICE OFFICER JOHN DOE 2,

                              Defendants.

--------------------------------------------------------------X

GERSHON, J.

GOLD, M.J.

**VERIFIED COMPLAINT**

2016 APR 20   PM 4:43

Plaintiff herein, by his attorneys, Ross and Hill, complaining of the above-named

defendants, alleges the following upon information and belief.

1.      That plaintiff, is a citizen of the United States of America and is entitled to

the full protection of the laws and the Constitution of the United States of America.

2.      Defendant, The City of New York, is a municipal corporation duly

incorporated and existing under and by virtue of the laws of the State of New York.

3.      The Police Department of The City of New York is an agency acting on behalf

of The City of New York and engaged by The City of New York to perform police duties and to

protect the health, welfare, property and safety of the residents of The City of New York.

4.      That at all times herein mentioned defendant, The City of New York, its

agents, servants and employees operated, maintained and controlled the Police Department

including all the police officers thereof.

5.      At all times herein mentioned, defendant, Police Officer "John" McGuiness,

was a New York City Police officer, employed by defendant The City of New York.

6.      At all times herein mentioned, defendant, Police Officer John Doe 1, was a

New York City Police officer, employed by defendant The City of New York.

7.    At all times herein mentioned, defendant, Police Officer John Doe 2, was a New York City Police officer, employed by defendant The City of New York.

8.    At all times herein mentioned, defendants, Police officer "John" McGuiness, Police Officer John Doe 1 and Police Officer John Doe 2, were acting within the scope of their employment as New York City Police officers.

9.    This action arises under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988.

10.   This Court has jurisdiction under the provisions of Title 8 of the United States Code, Sections 1331 and 1338.

## AS AND FOR A FIRST CAUSE OF ACTION

11.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 10 hereof with the same force and effect as though fully set forth herein at length.

12.   On April 21, 2015 am while in the vicinity of Park Avenue and Carlton Avenue, Brooklyn, New York, plaintiff was arrested by Police Officer John Doe 1 and Police Officer John Doe 2.

13.   After accosting plaintiff, Police Officer John Doe 1 and Police Officer John Doe 2 proceeded to place plaintiff under arrest.

14.   Said arrest was without reasonable or probable cause.

15.   The false arrest of plaintiff caused said plaintiff pain, humiliation, personal injury and suffering.

16.   As a result of the foregoing plaintiff has suffered compensatory damages in

the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 16 of this complaint with the same force and effect as though fully set forth herein at length.

18. On April 21, 2015 at approximately 10:25 a.m. while in the vicinity of Park Avenue and Carlton Avenue, Kings County, City and State of New York, plaintiff was beaten and battered by Police Officer "John" McGuiness, Police Officer John Doe 1 and Police Officer John Doe 2.

19. Prior to being physically attacked, plaintiff was placed in fear and for his well being by the actions of Police Officer "John" McGuiness, Police Officer John Doe 1, and Police Officer John Doe 2.

20. The conduct of these defendants was intentional wanton, cruel, careless and reckless and evinced a depraved disregard for plaintiff and for plaintiff's rights.

21. As a result of the foregoing assault and battery, plaintiff sustained severe personal injuries.

22. As a result of the foregoing, plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22 hereof with the same force and effect as though fully set forth herein at length.

24. After arresting plaintiff, police officers handcuffed plaintiff and restrained

him and unlawfully detained plaintiff in police custody.

25.     The unlawful detention of plaintiff by defendant, its agents, servants and/or employees, caused plaintiff pain, suffering, humiliation and personal injury.

26.     As a result of the unlawful detention of plaintiff, plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, and hereof with the same force and effect as though fully set forth herein at length.

28.     That after falsely arresting plaintiff, he was then taken to the 88th precinct where he was unlawfully imprisoned. He was then removed to Central Booking, where his unlawful imprisonment continued.

29.     The false imprisonment of plaintiff caused said plaintiff personal injury, pain, humiliation and suffering.

30.     As a result of the foregoing plaintiff has suffered compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30 hereof with the same force and effect as though fully set forth herein at length.

32.     The incident as aforedescribed resulted from the negligence of the defendant, City of New York, its agents, servants and/or employees, as well as the negligence of the

individual defendants named herein, with no negligence on the part of the plaintiff contributing thereto.

33.     The negligence of said defendants, caused the plaintiff personal injury, pain, humiliation and suffering.

34.     As a result of the foregoing plaintiff has suffered compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00

## AS AND FOR A SIXTH CAUSE OF ACTION

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 34 hereof with the same force and effect as though fully set forth herein at length.

36.     That at the time all of the above acts occurred, plaintiff was entitled to all rights guaranteed to him under the United States Constitution and all amendments and hereto, including the right to be secure in his person; to be free of unreasonable search and seizure; not to be deprived of life, liberty or property without due process of law; not to be subject to cruel and unusual punishment and not to be deprived of his right to equal protection.

37.     It is alleged that all of the acts alleged hereinabove were violations of plaintiff's civil rights as enumerated in the previous paragraph, under 42 United States Code, Sections 1981 and 1983.

## AS AND FOR AN SEVENTH CAUSE OF ACTION

38.     The acts complained of herein were carried out by the aforementioned defendant officers in their capacities as police officers and officials, with actual and apparent authority attendant thereto.

39.    The acts complained of herein were carried out by the aforementioned defendant officers in their capacities as police officers and officials, under color of law.

40.    The acts complained of herein were carried out by the aforementioned defendant officers in their capacities as police officers and officials pursuant to the customs, policies, and practices, of the City of New York and the Police Department of the City of New York, all under the supervision of ranking officers of said Department.

41.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and Police Department of the City of New York include, but are not limited to, the following unconstitutional practices: arresting innocent persons; using excessive, unwarranted force against arrestees; jailing innocent arrestees; prosecuting innocent arrestees;

42.    The foregoing customs and practices, procedures and rules of the City of New York and the Police Department of the city of New York constituted a deliberate indifference to the safety and, well-being and of the Constitutional Rights of the general public, and specifically of plaintiff herein.

43.    The foregoing customs, policies and practices, procedures and rules of the City of New York and the Police Department of the City of New York were the direct and proximate cause of the Constitutional violations suffered by plaintiff as alleged herein.

44.    As a result of the foregoing plaintiff has suffered compensatory damages in the amount of $10,000,000.00 exemplary damages in the amount of $2,000,000.00 and award of attorneys fees and all other costs and fee arising from violations of plaintiff's civil rights.

WHEREFORE, plaintiff, demands judgment against the defendants on all causes of action, on the first cause of action plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00, on the second cause of action plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00, on the third cause of action plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00, on the fourth cause of action plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00, on the fifth cause of action plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 and exemplary damages in the amount of $500,000.00 and on the sixth cause of action plaintiff is entitled to ten million ($10,000,000.00) Dollars in compensatory damages and two million ($2,000,000.00) Dollars in exemplary damages along with interest, costs, disbursements and attorneys' fees.

James Ross, Esq. of
ROSS AND HILL, PLLC
Attorneys for Plaintiff
16 Court Street, 35th Floor
Brooklyn, New York 11241
718-855-2324

STATE OF NEW YORK, COUNTY OF KINGS ) s.s.:

      ALFRED EVANS, being duly sworn, deposes and says:

      I am the plaintiff in the within action, have read the foregoing **COMPLAINT** and know the contents thereof;   that same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters, I believe it to be true.

                                      ALFRED EVANS

Sworn to before me this
20th day of April, 2016

Notary Public

          DENISE FELIPE
    NOTARY PUBLIC-STATE OF NEW YORK
        No. 01FE6203064
      Qualified in Queens County
  My Commission Expires March 30, 2013

DENISE FELIPE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FE6203004
Qualified in Queens County
My Commission Expires March 30, 2019